UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS GLENN,<br><br>             Plaintiff,<br><br>   v.<br><br>AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. 2:25-cv-02715-TL<br><br>ORDER ON TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. Dkt. No. 2. Having considered Plaintiff's motion and the relevant record, the Court DENIES Plaintiff's motion with leave to re-file, if appropriate and with any deficiencies corrected.[1]

---

[1] The Clerk of Court issued a letter of deficiency to Plain\tiff on December 29, 2025, informing him of the deficient signatures on Plaintiff's application to proceed *in forma pauperis*, proposed complaint, and this motion. Dkt. No. 4.

ORDER ON TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1

## I. BACKGROUND

Plaintiff filed a complaint alleging claims that Defendant committed constructive fraud, violation of the insurance fair conduct act, and unfair business practices. Dkt. No. 1-1 (complaint). Plaintiff asserts that he was an appointed insurance producer for Defendant and was terminated "without due process of notice or appeal." *Id*. at 3. Plaintiff further asserts that following his termination by Defendant, "Defendant sent letters to Plaintiff's clients stating Plaintiff had been terminated and asking them to appoint a new agent." *Id*. As a result of the alleged termination, Plaintiff claims that he was "dropped from and unable to gain appointments with other preferred carriers due to the negative posting on the Vector One report." *Id*. at 4. Finally, Plaintiff claims that as a result, Plaintiff has suffered emotional distress and mental anguish; anxiety and professional embarrassment; harm to his professional reputation and creditworthiness; and loss of opportunity in his independent profession. *Id*.

## II. DISCUSSION

"A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is 'never awarded as of right.'" *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The standards that govern TROs are "substantially similar" to those that govern preliminary injunctions. *Holthouse v. Wash. Dep't of Corrections*, No. C25-5257, 2025 WL 1167659, at *1 (W.D. Wash. Apr. 22, 2025) (citing *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)). "To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Id.* (quoting *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir.

2022) (en banc)). This test, arising from *Winter*, 555 U.S. 7, requires a showing for each element by the movant. *See id.*

"Importantly, given that the U.S. federal jurisprudence 'runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO.'" *Kovalenko*, 2022 WL 16737471, at *2 (omission in original) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). In line with this principle, Federal Rule of Civil Procedure 65 provides that:

> (a)(1) ***Notice.*** The court may issue a preliminary injunction only on notice to the adverse party.
>
> . . . .
>
> (b)(1) ***Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) and (b) (emphases added). Further, Local Civil Rule 65 provides:

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion *and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.*

ORDER ON TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3

LCR 65(b)(1) (emphasis added). Accordingly, the Court cannot grant Plaintiff's request for a TRO without a certification of adequate notice to Defendant or a basis for issuing an *ex parte* TRO before Defendant can be heard. *See, e.g.*, *Kovalenko*, 2022 WL 16737471, at *2 (denying TRO because plaintiff failed to meet requirements for a TRO without notice). Plaintiff has failed to make the requisite showing of either element.

First, Plaintiff has not demonstrated adequate notice to Defendant as required by Local Civil Rule 65. Nowhere in Plaintiff's motion does it reference that notice was provided to Defendant. *See generally* Dkt. No. 2. Further, Plaintiff did not include a certificate of service or contact information for Defendant's counsel (or clarification that Defendant is an unrepresented party). *Id.* Defendant has not appeared in this action, and there is no evidence of Defendant's awareness of this action, much less the instant motion.

Second, Plaintiff fails to justify the issuance of an *ex parte* TRO under the requirements of Federal Rule of Civil Procedure 65(b)(1). Plaintiff has not "certifie[d] in writing any efforts made to give notice *and the reasons why it should not be required*," and the Court finds no such justification from the record upon review. Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). Plaintiff does not provide any reason why the alleged injury is so imminent to not require notice to Defendant of the request.

### III. CONCLUSION

Accordingly, Plaintiffs' motion for TRO and preliminary injunction is DENIED WITHOUT PREJUDICE.

Dated this 30th day of December, 2025.

Tana Lin
United States District Judge